JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone:  (323) 979-2063
Facsimile:    (323) 488-6748

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
## Eastern Division

| | |
|---|---|
| Latoya Hill, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>Duvera Billing Services, LLC d/b/a EasyPay Finance and John Does 1-25,<br><br>Defendant(s). | Case No.:<br><br>**CLASS ACTION COMPLAINT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Latoya Hill ("Plaintiff" or "Hill"), a California resident, brings this Class Action Complaint by and through her attorneys, The Law Offices of Jonathan A. Stieglitz, against Defendant Duvera Billing Services, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION / PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws … [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* §1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* §1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* §1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of California consumers under 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA"); and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of California, County of Riverside, residing at 1270 Rosalia Avenue, Apt. A, Hemet, CA 92543.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 1910 Palomar Point Way, Ste 101, Carlsbad, CA 92008.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The class consists of:

   a. all individuals with addresses in the State of California;

   b. to whom Defendant sent a collection letter attempting to collect a consumer debt;

   c. containing a settlement offer which promised that payment of a stated settlement amount within 60 days would satisfy the debt and close the account;

   d. while also deceptively stating that the debt would continue to accrue interest until the settlement offer was paid;

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

- 4 -

14. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violates 15 U.S.C. § 1692e.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this Complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §1692e.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to January 12, 2018, an obligation was allegedly incurred to S T Moll, Inc. dba Integrity Tire – Corp (hereinafter S T Moll).

22. The S T Moll alleged obligation arose out of a transaction involving a purchase on credit of automobile related parts and/or services. The automobile for which the parts and/or services were obtained was used by Plaintiff primarily for personal, family or household purposes.

23. The alleged S T Moll obligation is a "debt" as defined by 15 U.S.C. 1692a(5).

24. Sometime thereafter, Creditor S T Moll contracted with Defendant to assist it in collecting the alleged debt.

25. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – January 12, 2018 Collection Letter*

26. On or about January 12, 2018, Defendant sent Plaintiff a collection letter (the "Letter") regarding the alleged debt currently owed to S T Moll. See a true and correct copy of the Letter attached hereto as Exhibit A.

27. The January 12, 2018 Letter states:

> Want to start 2018 debt free? EasyPay Finance has a special offer to cure your outstanding debt. <u>Only Pay 50% of your debt, and its gone!</u> You must pay $449.44 by 03-15-2018.
>
> **Upon receipt and clearance of this payment, this account will be considered satisfied and closed.** (bolding emphasis added)

28. The Letter also states: "This payoff amount continues to accrue interest at your contractual rate from January 12, 2018 through and until your account is fully paid, or the terms of any settlement offer are met."

29. The Letter falsely and deceptively states two contradictory statements, one of which is false. Either (1) payment of the $449.44 amount by 3-15-2018 would constitute payment in full and fully satisfy the debt, or (2) payment of the $449.44 amount would not, in fact, fully satisfy the debt as interest had been accruing on the debt between the consumer's receipt of the letter and her acceptance and payment of the settlement offer.

30. If, in fact, payment of the $449.44 amount would fully satisfy the debt, then the statement that "interest would continue to accrue on the account until the settlement amount was paid" was false.

31. Moreover, if Defendant was choosing to not charge interest during the period the settlement offer was outstanding, then the letter should have explicitly stated this fact.

32. However, if Defendant was continuing to charge interest on the account until Plaintiff paid the settlement amount, then an acceptance and payment of the $449.44 amount would not have, in fact, satisfied the debt, despite Defendant's promise of same.

- 9 -

33. Defendant's contradictory statements in its Letter are deceptive and materially misleading to the consumer who would be unable to ascertain what amount was necessary to satisfy her account.

34. Under the FDCPA, a collection letter is materially misleading if it is open to more than one interpretation, one of which is false.

35. This letter on its face contains two contradictory statements.

36. Plaintiff sustained an informational injury as she was unable to ascertain whether payment of the settlement amount would actually satisfy her account.

37. Defendant made false, deceptive and misleading representations when it offered a settlement amount it claimed would "satisfy the debt in full" while also stating that interest would continue to accrue on the account until payment of the debt had been received in violation of §§1692e, 1692e(2), 1692e(5) and 1692e(10).

38. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e *et seq.***

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

40. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt.

42. Defendant violated said section

   a. by omitting material information creating a false and misleading representation of the status of the debt in violation of §1692e(10); and

   b. by falsely representing the character, amount or legal status of the debt in violation of §1692e(2)(A);

43. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

44. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Latoya Hill, individually and on behalf of all others similarly situated demands judgment from Defendant Duvera Billing Services, LLC d/b/a EasyPay Finance as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Jonathan A. Stieglitz, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 8, 2019                          Respectfully Submitted,

                                                THE LAW OFFICES OF
                                                JONATHAN A. STIEGLITZ

                                        By:     /s/ Jonathan A Stieglitz
                                                Jonathan A Stieglitz

- 13 -